IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **REGINALD KENNEDY,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 5:23-cv-00125-MTT-CHW |
| | : | |
| Lieutenant **THOMPSON**, *et al.*, | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| Defendant. | : | Before the U.S. Magistrate Judge |
| | : | |

## ORDER

Before the Court is Defendant Thompson's motion to set aside default that occurred due to operation of law. (Doc. 15). Following screening of Plaintiff Kennedy's complaint, his claims against Defendant Thompson were permitted to move forward. (Docs. 6, 9). A waiver of service was issued for Defendant at the Georgia Department of Corrections' (GDC) main office (Docs. 7, 8), but it was returned unexecuted. (Doc. 10). The Clerk of Court reissued service paperwork for personal service (Docs. 12, 13), and Defendant was personally served by the U.S. Marshals Service on September 12, 2023, at a restaurant in Warner Robins, Georgia. (Doc. 14). Defendant is now in default by operation of law, but a default has not been entered upon the docket. Defendant now seeks to have the default set aside. (Doc. 15).

In the motion, Defendant explains that he is no longer employed at Dooly State Prison. (Doc. 15-2, ¶ 1). He asserts a slightly different service date than what the Court's paperwork reflects but states that he submitted a request for representation to the GDC legal department a few days after service. (*Id.*, ¶ 4). This is the first time he has been named as a party in a suit, and he did not understand he was in default until an attorney with the Georgia Department of Law reached out to him. (*Id.*, ¶ 5).

1

Defaults are viewed with disfavor, and there is a "strong policy for determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Rule 55(c) of the Federal Rules of Civil Procedure provides that the Court may set aside any entry of default for "good cause," which generally requires the consideration of factors such as: "whether the default was culpable or willful, whether setting [the default] aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." *Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951-52 (11th Cir. 1996).

There is no genuine suggestion on the present record of any culpable conduct by Defendant Thompson, he has raised grounds for a potentially meritorious defense in this action, and there is no indication that Plaintiff will suffer from prejudice by litigating the merits of his claims through the ordinary legal process. Therefore, Defendant Thompson's motion to set aside (Doc. 15) is **GRANTED**. Defendant's answer (Doc. 16), filed on October 19, 2023, is accepted as a responsive pleading in this action, and the 90-day discovery period set out in the Court's Order directing service (Doc. 6) shall commence on November 13, 2023, and conclude on February 12, 2024, with dispositive motions due on March 13, 2024.

**SO ORDERED**, this 9th day of November, 2023.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge