IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **REGINALD KENNEDY,** | : | |
| | : | |
| Plaintiff, | : | Case No. 5:23-CV-00125-MTT-CHW |
| | : | |
| v. | : | |
| | : | Proceedings Under 42 U.S.C. §1983 |
| **Lieutenant THOMPSON,** | : | Before the U. S. Magistrate Judge |
| | : | |
| Defendant. | : | |

## ORDER

Plaintiff Reginald Kennedy, *pro se*, seeks the appointment of counsel to represent him concerning this case filed under 42 U.S.C. § 1982. (Doc. 27). No right to counsel exists in a civil case. *Wahl v McIver*, 773 F.2d 1169, 1174 (11th Cir. 1986). Rather, the appointment of counsel is a privilege justified only by exceptional circumstances. *Id.* In deciding whether legal counsel should be appointed, the Court considers, among other factors, the merits of Plaintiff's claims and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims and the applicable legal doctrines are readily apparent. As such, Plaintiff's request for appointment of counsel (Doc. 27) is **DENIED**. Should it later become apparent that legal assistance is required to avoid prejudice to Plaintiff's rights, then the Court, **on its own motion**, will consider assisting Plaintiff in securing legal counsel at that time.

Along with his request for counsel, Plaintiff also requests that the Court extend the discovery period "so that evidence may be gathered and Defendant Lt. Thompson may be [deposed] also." (*Id.*, p. 2). It appears that Plaintiff only recently submitted discovery requests to

Defendant and that Defendant intends to respond accordingly. (Docs. 22-23). Currently, there is no express need to extend the discovery period for Defendant to respond to Plaintiff's request. Plaintiff is not foreclosed from filing a future motion to address any issues with Defendant's responses should the need arise.

To the extent Plaintiff seeks permission to depose Defendant, Plaintiff has not shown that he has sufficient means or has made arrangements to do so. While the parties may conduct depositions under the Federal Rules of Civil Procedure, Plaintiff retains the responsibility of coordinating and paying for the deposition, and his *in forma pauperis* status does not relieve him of the burden to pay for the costs of his own discovery efforts. *See, e.g.*, *Easley v. Dep't of Corrs.*, 590 F. App'x 860, 868 (11th Cir. 2014). Plaintiff does not state whether he has made any arrangements to fund and take Defendant's deposition, such as corresponding with defense counsel about scheduling a deposition or securing a court reporter. Plaintiff's unsupported desire to depose Defendant is not a reason to extend the discovery period. To the extent Plaintiff seeks an extension of discovery, that request is **DENIED**.

**SO ORDERED**, this 21st day of February, 2024.

                                            s/ Charles H. Weigle
                                            Charles H. Weigle
                                            United States Magistrate Judge